BARNET S. MILMAN, Inc., v. COMMISSIONER OF INTERNAL REVENUE.

No. 80.

Circuit Court of Appeals, Second Circuit.

July 25, 1940.

Harold Rogers Lhowe, of New York City (Morton Milman and Emanuel E. Sternfield, both of New York City, of counsel), for petitioner Barnet S. Milman, Inc.

Samuel O. Clark, Jr., Asst. Atty. Gen. (Sewall Key, Norman D. Keller, and S. Dee Hanson, Sp. Assts. to the Atty. Gen., of counsel), for respondent Commissioner of Internal Revenue.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal from an order of the Board of Tax Appeals determining deficiencies in income and excess profits taxes of Barnet S. Milman, Inc., for the fiscal year ended July 31, 1933, and certain penalties thereon.

The taxpayer Barnet Milman, Inc., was organized in July, 1932, by Barnet S.

Milman and all of its capital stock was issued to him on August 1, 1932, in exchange for certain assets theretofore used by him in the conduct of an individual business of buying, converting and selling yarns. Among the assets received by this corporation was certain stock belonging to Milman in the Wohl-Milman Corporation. At the close of the first taxable year of its existence, the taxpayer charged off the item of investment in stock of the Wohl-Milman Corporation as worthless and deducted this amount in computing net income, reporting as a result a net loss of $5,369.65 for that year. The Commissioner held that the Wohl-Milman stock was worthless when acquired and the Board of Tax Appeals affirmed his decision.

The questions raised by the appeal are:

(1) Whether stock of the Wohl-Milman Corporation acquired and sold by the taxpayer, Barnet S. Milman, Inc., within the taxable year August 1, 1932, to July 31, 1933, was totally worthless at the time when it was acquired on August 1, 1932, so that no loss with respect thereto could be deducted in that year?

(2) Whether the taxpayer was liable for the 25% delinquency penalties?

We think that the Board was justified in holding that the stock of Wohl-Milman Corporation was worthless when acquired on August 1, 1932, and consequently that no loss could be deducted during the taxable year for that item; we also think that the penalties were lawfully imposed.

The stock of Wohl-Milman was part of the assets acquired by Barnet S. Milman, Inc., from Barnet S. Milman individually in exchange for the issue to him of the stock of the latter company. His investment in Wohl-Milman at the time he transferred his one-half stock interest therein to Barnet S. Milman, Inc., was estimated at $16,471.51. This estimate was based on his appraisal of the net worth of one-half of the assets of Wohl-Milman.

Wohl-Milman was organized by Milman and his associate Wohl in 1927, each investing about $175,000 in the corporation and receiving one-half of the capital stock. In 1929 and 1930 the company suffered such great losses as a result of the depression that Wohl and Milman determined that it should be liquidated. The years 1930 and 1931 were occupied in this liquidation. The small creditors were paid in

full and the claims of the two largest creditors were reduced to approximately $57,000, whereupon Milman and Wohl agreed with these two creditors that each would assume one-half of that balance. It is claimed on behalf of the taxpayer that the balance of the indebtedness to both creditors was paid by Milman and Wohl, respectively.

On May 1, 1931, Wohl-Milman was clearly insolvent. The agreement by the stockholders Wohl and Milman to assume its liabilities and their payments to its largest creditors did not result in capital contributions to Wohl-Milman for the reason that the assumption of liabilities and the payments of these obligations were not in order to enable Wohl-Milman to continue its business but only to safe-guard the creditors of a company which they owned and thus to avoid possible injury to their own reputations.

The decision of In re Park's Estate, 2 Cir., 58 F.2d 965, on which the taxpayer relies, was upon facts essentially different from those we have before us here. There the president of a bank, which had been robbed by its treasurer, contributed $100,-000 of his own money to the bank in order to enable it to continue in business. We held that the president was not entitled to take a deduction of the amount of his contribution to the capital of the bank in his own income tax return. The effect of the contribution was to revive the bank so that it could remain in business. If Milman, when he paid off the old creditors of Wohl-Milman, had done this in order to revive the concern, the transaction might have amounted to a subscription to a new stock issue of the corporation. In that event he might have computed gain or loss when he sold his stock and in the same way his transferee might have claimed gain or loss when it sold the stock after becoming a party to an exchange as provided in Section 112(b) (5) of the Revenue Act of 1932, 26 U.S.C.A.Int.Rev.Acts, page 511. But here Milman was not really contributing capital, but paying debts, which his company was unable to pay, in the course of a liquidation.

Under the circumstances, we think it made no real difference whether Wohl and Milman liquidated the assets through the corporation and then personally met the deficit of the company, or whether they first paid the creditors of Wohl-Milman and then distributed to themselves as its

equitable owners whatever was realized from the remaining corporate assets. The adoption of the second method, rather than the first, would not have enabled Milman, if he had retained the stock longer, to take a loss in 1933, for it had become worthless in 1931 and the loss had to be deducted, if at all, in the first year in which it was realized. Likewise Barnet S. Milman, Inc., having acquired the stock of Wohl-Milman in exchange for the issue of its own stock, could not take a deduction in 1933, since the basis of the stock in the hands of Milman at the time he made the transfer was zero, and under Section 113 (a) (8) of the Revenue Act of 1932, 26 U.S.C.A.Int.Rev.Code, § 113(a) (8), the transferee was obliged to take the basis of the transferor.

The Board found that the taxpayer was not entitled to a deduction for the year of August 1, 1932, to July 31, 1933, because the Wohl-Milman stock had no net worth in that year, for the corporate assets could not be liquidated at any time after the stock was acquired by the taxpayer at such a sum as to yield any net return. As this result was reached on conflicting evidence, we do not feel justified in disturbing the finding of the Board.

There can be no doubt that the penalty was properly imposed because of the failure of Barnet S. Milman, Inc., to file a timely return.

Order affirmed.